**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-mj-00242-SKC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JOHNNY L. MORGAN,

    Defendant.

---

ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on October 30, 2019.

The government is requesting detention in this case due to defendant's alleged violations of the terms of his pretrial release pending sentencing pursuant to 18 U.S.C. § 3148. The defendant did not contest detention and neither side offered argument beyond the contents of the Bench Warrant for Arrest issued by the Honorable Irene M. Keeley of the United States District Court for the Northern District of West Virginia. In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Bench Warrant.

Pursuant to 18 U.S.C. § 3148(b), the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer:

    (1)    finds that there is—

      (A)    probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

      (B)    clear and convincing evidence that the person has violated any other condition of release; and

(2)    finds that

      (A)    based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

      (B)    the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

In order to sustain a motion for detention based on the basis that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person including–

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: Defendant was released pending his sentencing in the United States District Court for the Northern District of West Virginia. The court takes judicial notice of the three other matters before this court related to Defendant, and the Bench Warrant that indicates that this is the fourth consecutive failure to appear for court-ordered hearings, including three consecutive sentencing hearings, making his detention mandatory pursuant to 18 U.S.C. § 3143(a)(2). Defendant also did not contest detention.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required. Further, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably insure the safety of other

persons, including the defendant, or the community, given his new law violation. I also conclude that defendant is unlikely to comply with any conditions that could be set with respect to his pretrial release.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: October 30, 2019                           BY THE COURT:

_____
United States Magistrate Judge